UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE PREVEY,<br><br>    Plaintiff<br><br>    v.<br><br>UNITEDHEALTHCARE OF WASHINGTON, INC.; RIGHT! SYSTEMS, INC. HEALTH PLAN,<br><br>    Defendants. | No.<br><br>COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff, Kyle Prevey, through his attorneys, alleges:

1.   This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of

1. an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff Kyle Prevey is, and was at all times relevant, a resident of Kirkland, located in King County, Washington.

3. Plaintiff was at all relevant times a covered participant under the Defendant Right! Systems, Inc. Health Plan (the "Plan"), an employee welfare benefit plan regulated by ERISA and pursuant to which Plaintiff was and is entitled to health benefits.

4. The health benefits under the Plan were insured and administered by Defendant UnitedHealthcare of Washington, Inc. ("United").

5. Plaintiff is informed and believes that the Plan has its principal place of business in the State of Washington, is authorized to transact and is transacting business in this judicial district, the Western District of Washington, and can be found in the Western District of Washington.

6. Plaintiff is informed and believes that United has its principal place of business in the State of Washington, is authorized to transact and is transacting business in this judicial district, the Western District of Washington, and can be found in the Western District of Washington.

7. Plaintiff lives in this district, the Plan can be found in this district, and the claims at issue herein were specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

**FIRST CLAIM FOR RELIEF**

**DENIAL OF PLAN BENEFITS**

8. Plaintiff has been diagnosed with and treated for narcolepsy for over ten years. He has been successfully treated with sodium oxybate, known by its brand name Xyrem.

9. For over ten years, Plaintiff has been a covered participant under the Plan.

10. For ten years, the Plan consistently approved and paid benefits for Plaintiff's prescription for Xyrem. The Plan's previous claims administrator, Premera Blue Cross, approved benefits for Plaintiff's prescription for Xyrem as recently as 2020.

11. In January 2021, United, the Plan's new claims administrator, denied benefits for Plaintiff's prescription for Xyrem.

12. On February 5, 2021, Plaintiff submitted an appeal with a letter from his physician, Dr. Matthias K. Lee, Diplomate, American Board of Psychiatry and Neurology with sub-specialty in Sleep Medicine, who wrote that Plaintiff has been treated effectively with Xyrem for years, the treatment is considered medically necessary, there is no alternative for Xyrem, and Plaintiff's other stimulants for treatment of narcolepsy are not effective without the use of Xyrem.

13. On February 19, 2021, United issued its final appeal denial. United wrote that it required that Plaintiff "have failed or could not take" a new and different medication, Sunosi.

14. As a result of the above actions, and others, Defendants wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

(a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

(c) After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims along with an explanation of why such material is or was necessary;

COMPLAINT
Case No.:

Kantor & Kantor, LLP
19839 Nordhoff Street, Northridge, CA 91324
(818) 886-2525

(d) Failure to pay for the level of care which Defendants determined was medically necessary;

(e) Failure to properly and adequately investigate the merits of the claims; and

(f) Inconsistent application of Plan provisions.

15. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

16. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

17. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

18. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

19. Due to the wrongful conduct of Defendants, Plaintiff is entitled to enforce his rights under the terms of the Plan.

## SECOND CLAIM FOR RELIEF

## EQUITABLE RELIEF

20. Plaintiff refers to every preceding paragraph as though set forth in full in this claim for relief.

21. As a direct and proximate result of the failure of Defendants to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein,

Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a)    Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate;

    (b)    A mandatory injunction requiring Defendants to immediately qualify Plaintiff for health benefits due and owing under the Plan; and

    (c)    Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff as participant under the Plan.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for:

1. Payment of health insurance benefits due to Plaintiff under the Plan;
2. A mandatory injunction requiring Defendants to approve Plaintiff for health benefits due and owing under the Plan;
2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and
4. For such other and further relief as the Court deems just and proper.

DATED this 24th day of August, 2021.    KANTOR & KANTOR LLP

By:    */s/ Stacy Monahan Tucker*
Stacy Monahan Tucker
WSBA 43449
Attorneys for Plaintiff
KYLE PREVEY
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
E-mail: stucker@kantorlaw.net
Telephone: (818) 886-2525
Facsimile: (818) 350-6272